JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-09330 DMG (VBKx)** | Date | November 14, 2011 |
|---|---|---|---|

| Title | *Deutsche Bank National Trust Company v. Hector D. Perdomo, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On June 10, 2011, Plaintiff Deutsche Bank National Trust Company filed a complaint in Los Angeles County Superior Court for unlawful detainer against Defendant Hector D. Perdomo and Does "I" through "X." Plaintiff seeks possession of real property and restitution for Defendant's use and occupancy of the property in the amount of $156.68 per day starting on May 24, 2011. (Compl. at 3-4.) Defendant removed the case to this Court on November 9, 2011, asserting subject matter jurisdiction on the basis of a federal question, 28 U.S.C. § 1331, and diversity of citizenship, 28 U.S.C. § 1332(a).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint raises no federal question. Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009). Nor does the complaint reveal any possibility of diversity jurisdiction. The amount in controversy is well below the $75,000 jurisdictional threshold for diversity jurisdiction. The caption of the underlying state court complaint clearly states that the amount of damages sought by Plaintiff does not exceed $10,000.

Defendant contends that the amount in controversy exceeds $75,000 because the amount of the unpaid debt on the subject property at the time of foreclosure was $508,000 and the current market value of the property is at least $300,000. (Notice of Removal ¶ 9.) The complaint, however, does not place Plaintiff's title in controversy. "Unlawful detainer actions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-09330 DMG (VBKx)** | Date | November 14, 2011 |
|---|---|---|---|
| Title | ***Deutsche Bank National Trust Company v. Hector D. Perdomo, et al.*** | Page | 2 of 2 |

are . . . of limited scope, generally dealing only with the issue of right to possession and not other claims between the parties, even if related to the property." *Larson v. City and County of San Francisco*, 192 Cal. App. 4th 1263, 1297, 123 Cal. Rptr. 3d 40 (2011) (citing *Birkenfeld v. City of Berkeley*, 17 Cal. 3d 129, 151, 130 Cal. Rptr. 465 (1976)). As Plaintiff's complaint challenges Defendant's possession rather than his ownership of the property, the appropriate amount in controversy is the property's rental value.

Unlawful detainer actions proceed on an expedited basis. *See Larson*, 192 Cal. App. 4th at 1297. A defendant has five days to answer the complaint, Cal. Civ. Proc. Code § 1167.3, and trials are generally held no more than 20 days after the request to set the time of trial is made, *id*. § 1170.5(a). In all likelihood, the Superior Court will require less than three months to resolve this case. At a daily rental rate of $156.68, the restitution allegedly owed by Defendant for his continued occupancy of the property will not exceed the $75,000 jurisdictional minimum until September 14, 2012. Defendant thus fails to show by a preponderance of the evidence that this case meets the amount-in-controversy requirement for diversity jurisdiction.

As Defendant has not established a basis for subject matter jurisdiction, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**